UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CHARLES BOYD, III, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CV422-063 |
| STANLEY CONVERGENT SECURITY SOLUTIONS, INC., and JOHN DOES, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

The parties have jointly moved for an order under Fed. R. Civ. P. 21 to add "Stanley Convergent Security Solutions, Inc." as a proper party and to dismiss "Stanley Security Solutions, Inc." as an improper party. Doc. 7. The parties' joint request to add "Stanley Convergent Security Solutions, Inc." is **GRANTED**. Doc. 7, in part. The Court **RECOMMENDS**[1] that "Stanley Security Solutions, Inc." be **DISMISSED** without prejudice. Doc. 7, in part.

---

[1] The undersigned's authority to grant a request to voluntarily dismiss a party is, at best, ambiguous. Federal Rule of Civil Procedure 72(b) requires a magistrate judge, in any pretrial motion "dispositive of a claim or defense" to "enter a recommended disposition," subject to a fourteen-day objections period and *de novo* review by the district judge. *Id.* Generally, "[o]rders granting leave to amend are non-dispositive, as they do not remove claims or defense of a party." *Vanderwalker v. Quandt's Food*

Subject to the terms of this Order, when Stanley Security Solutions, Inc. is dismissed, the caption of this Complaint will hereinafter be styled as Charles Boyd, III, Plaintiff v. Stanley Convergent Security Solutions, Inc., and John Does, Defendants. It is further **ORDERED** that Stanley Convergent Security Solutions, Inc. shall be substituted each and every

---

*Serv. Distribs., Inc.*, 934 F. Supp. 42, 48 (N.D.N.Y. 1996). However, the parties' motion seeks disposition and removal of all claims against Stanley Security Solutions, Inc. Doc. 7. There is some authority that a magistrate judge has authority to correct a misnomer, effectively dismissing the misnamed defendant and substituting the properly named defendant. *See Knutson v. Walker Grp., Inc.*, 343 F. Supp. 2d 971, 973 (D. Colo. 2004) (misnamed defendant filing a motion to dismiss "does not convert plaintiff's request to correct the name of the party into a dispositive motion." (citing Fed. R. Civ. P. 15, 17)); *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at * 3 (S.D. Ga. June 10, 2016) ("In the meantime, pursuant to Rule 21, the Court removes [a defendant] as a party."). Other courts, however, have treated dismissals under Fed. R. Civ. P. 21 as requiring Rule 72's Report and Recommendation procedure. *See, e.g.*, *Uniloc 2017, LLC v. Google, LLC*, 2019 WL 6002205, at * 1 (E.D. Tex. Sept. 10, 2019); *Core Labs. LP v. AmSpec, LLC*, 2017 WL 1407652, at * 1 (S.D. Ala. Apr. 19, 2017). Even courts that treat such motions as within the magistrate judge's power are not wholly confident. *See Foden v. Floyd*, 2019 WL 2343676, at * 2, n.1 (E.D. Mich. May 31, 2019) ("Because Plaintiff's unopposed motion to voluntarily dismiss [a defendant], pursuant to Rule 21, is not enumerated as an exception in 28 U.S.C. § 636(b)(1)(A), and involves a non-dipositive matter which does not put an end to the proceedings before the Court, an opinion and order is effective. [Cit.] However, to extent the parties disagree, they may treat the Court's order on this motion as a report and recommendation and file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) . . . .").

Given that ambiguity, the Court grants the joint motion, but should any party object to the dismissal of Stanley Security Solutions, Inc. within fourteen days, the Clerk is **DIRECTED** to convert this Order into a Report and Recommendation. Upon conversion of this Order into a Report and Recommendation, the Clerk shall submit the R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

place Stanley Security Solutions, Inc. is named in any pleadings as if Stanley Security Solutions, Inc. had never been named.

**SO ORDERED**, this 4th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA